UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

CARL DEWAYNE WRIGHT                          CIVIL ACTION NO.  14-0744


VERSUS                                       JUDGE ROBERT G. JAMES


LOUISIANA CORRUGATED                         MAG. JUDGE KAREN L. HAYES
PRODUCTS, LLC, ET AL.

J U D G M E N T

The Report and Recommendation of the Magistrate Judge having been considered, no

objections thereto having been filed, and finding that same is supported by the law and the record

in this matter,

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants' Joint Motion for

Partial Summary Judgment [Doc. No. 31] is hereby GRANTED, and judgment is entered in favor

of Defendants declaring 1) that Plaintiff's state law claim for unpaid benefits under the Plan is

completely preempted by ERISA and, thus, recast as a claim under ERISA § 502(a)(1)(B), and 2)

that Plaintiff's state law claims for penalties and detrimental reliance under Louisiana Revised

Statute § 22:1821 and Louisiana Civil Code Article 1967, respectively, are conflict-preempted by

ERISA.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's state law

claims for penalties and detrimental reliance under Louisiana Revised Statute § 22:1821 and

Louisiana Civil Code Article 1967, respectively, are hereby DISMISSED WITH PREJUDICE, as

preempted.

IT IS FURTHER ORDERED that Defendant Vantage Health Plan, Inc.'s "Motion to

Dismiss pursuant to Rule 12(b)(6) for Failure to Exhaust Administrative Remedies and in the

Alternative, for Summary Judgment" [Doc. No. 11], and Defendants Louisiana Corrugated

Products, LLC, and U.S. Corrugated, Inc.'s Motion for Judgment on the Pleadings (converted to

a motion for summary judgment) [Doc. No. 17] are each GRANTED IN PART.  Plaintiff's recast

claim for unpaid benefits under ERISA § 502(a)(1)(B) are hereby DISMISSED WITHOUT

PREJUDICE.  Defendants' motions [Doc. Nos. 11 & 17] otherwise are DENIED.

IT IS FURTHER ORDERED that this matter is hereby STAYED for a period of 60 days,

so Plaintiff may exhaust administrative remedies, and, thereafter, amend his Complaint to assert

his *then* exhausted § 502(a)(1)(B) claim.  If Plaintiff instead desires to forego his § 502(a)(1)(B)

claim and proceed solely with his COBRA claim, he shall file a notice in the record no later than

November 21, 2014.

MONROE, LOUISIANA, this 6th day of November, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE